MESCH, CLARK & ROTHSCHILD, P.C.
259 North Meyer Avenue
Tucson, Arizona 85701
Phone: (520) 624-8886
Fax: (520) 798-1037
Email: mmcgrath@mcrazlaw.com
fpetersen@mcrazlaw.com

By: Michael McGrath, # 6019
Frederick J. Petersen, #19944
76155-2/tld

Attorneys for Debtors

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>PRM FAMILY HOLDING COMPANY, L.L.C., ☐<br>PRODIGIO MERCADO, L.L.C., ☐<br>PRO'S ABQ RANCH MARKETS, L.L.C., ☐<br>PRO'S ELP RANCH MARKETS, L.L.C., ☐<br>PRO'S ELP RANCH MARKETS BEVERAGE ☐<br>   COMPANY, L.L.C.,<br>PRO & SON'S, L.L.C., ☐<br>PRO'S RANCH MARKETS (CA), L.L.C., ☐<br>PROVENZANO'S, L.L.C., ☐<br><br>Debtors. | Chapter 11 Proceedings<br><br>Case Nos. 2:13-bk-09026-SSC<br>              2:13-bk-09028-SSC<br>              2:13-bk-09030-SSC<br>              2:13-bk-09033-SSC<br>              2:13-bk-09034-SSC<br>              2:13-bk-09036-SSC<br>              2:13-bk-09037-SSC<br>              2:13-bk-09039-SSC<br>(Joint Administration) |
| This Filing Applies to:<br><br>☒ All Debtors<br>☐ Specified Debtors | **MOTION TO OBTAIN POST-PETITION FINANCING PURSUANT TO 11 U.S.C. §364(b)** |

PRM FAMILY HOLDING COMPANY, LLC, a Delaware limited liability company, PRODIGIO MERCADO, LLC, an Arizona limited liability company, PRO'S ABQ RANCH MARKETS, LLC, a New Mexico limited liability company, PRO'S ELP RANCH MARKETS, LLC, a Texas limited liability company, PRO'S ELP RANCH MARKETS

| | |
|---|---|
| 1 | BEVERAGE COMPANY, LLC, a Texas limited liability company, PRO AND SON'S, |
| 2 | LLC, a California limited liability company, PRO'S RANCH MARKETS (CA), LLC, a |
| 3 | California limited liability company and PROVENZANO'S LLC, an Arizona limited |
| 4 | liability company, (collectively referred to as the "Debtors"), respectfully requests that the |
| 5 | Court enter an order under to 11 U.S.C. §§361 and 364 and Rule 4001(c), Fed. R. Bank. P. |
| 6 | to authorize the borrowing of up to $700,000 in post petition financing to permit the Debtors |
| 7 | to continue to operate, provide liquidity, ensure administrative expenses are paid and to |
| 8 | reorganize. This Motion is supported by the accompanying Memorandum of Points and |
| 9 | Authorities and Exhibits Attached. |
| 10 |      This Court has jurisdiction to hear and determine the core proceeding arising from |
| 11 | this Motion Authorizing Debtors to Obtain Post-Petition Financing under 28 U.S.C. §§ |
| 12 | 1334, 157(a) and (b)(2)(D) and *General Order 01-15* of the United States District Court for |
| 13 | the District of Arizona since the Debtors filed their voluntary petitions for relief under |
| 14 | Chapter 11 on May 28, 2013 ("Petition Date"). Venue of this proceeding is proper pursuant |
| 15 | to 28 U.S.C. §§ 1408 and 1409. |
| 16 | DATED: July 10, 2013.          MESCH, CLARK & ROTHSCHILD, P.C. |
| 19 | By /s/Frederick J. Petersen, #19944 |
| 20 |     Michael McGrath |
| |     Fredrick J. Petersen |
| 21 |     Isaac D. Rothschild |
| |     Attorneys for Debtor |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. THE DEBTORS

PRM Family Holding Company, L.L.C., is a Delaware limited liability company. It is and the sole member of the other limited liability company Debtors. Prodigio Mercado, L.L.C. is an Arizona limited liability company that operates three grocery stores numbered 1, 5 and 6 located in Phoenix, Arizona. Provenzano's L.L.C. is an Arizona limited liability company that operates four grocery stores numbered 2, 3, 4 and 7 located in Phoenix, Arizona. Pro's ABQ Ranch Markets, L.L.C. is a New Mexico limited liability company that operates two grocery stores located in New Mexico, one in Albuquerque and one in Las Cruces. Pro's ELP Ranch Markets, L.L.C. is a Texas limited liability company that operates two stores located in El Paso, Texas. Pro's ELP Ranch Markets Beverage Company, L.L.C. is a Texas limited liability company that holds the liquor license for Pro's ELP Ranch Markets, L.L.C. Pro & Son's, L.L.C. is a California limited liability company that holds title to intellectual property owned by the Debtors. Pro's Ranch Markets (CA), L.L.C. is a California limited liability company that acts as the paymaster, manager, internal wholesaler, oversees trucking and distribution, pays all AP's and provides employees to all of the Debtors' stores.

Collectively the Debtors own and operate 11 retail grocery stores and employ approximately 2,235 full time workers in these stores and other locations

## II. EVENTS LEADING TO CHAPTER 11 FILING

No single event has caused the Debtors to seek relief under Chapter 11 of the Bankruptcy Code. Rather, the Debtors have experienced several events and circumstances combined with the Debtors' Lenders refusing further advances of funds and charging the Debtors forbearance fees, substantial consulting fees and default interest. The cash strains resulting from these actions burdened the Debtors' business and has necessitated a filing and a reorganization of the Debtors' capital structure through the Chapter 11 process.

Factors contributing to the adverse and negative impact on the Debtors' business include:

    (i)    the decline in the U.S. Domestic economy and the profound effect it has had on the Southwest;

    (ii)  the loss of construction and other blue collar jobs throughout Arizona and New Mexico;

    (iii) the adverse, negative, and chilling effect of the perception in the State of Arizona towards immigrants and Hispanics including the passage of SB 1070;

    (iv) increased competition from other industry grocery store chains;

    (v)   the Debtors were effectively singled out for an immigration audit to which no other competitor was subjected; and

    (vi) since October 2012, the Debtors' relationship with its bankers changed. Bank of America, which had worked with the Debtors to fund operational shortfalls while the parties attempted to reach a long-term solution, determined that it will not provide any further advances and began charging substantial fees incurred by their professionals and default interest. In the 90 days prior to filing, Bank of America swept in excess of $942,000 from Debtors' accounts. The cash drain on the Debtors' accounts has proved critical to continued positive operations.

## III. THE REORGANIZATION CASE

The Debtors filed these reorganization cases to either restructure their obligations through plans of reorganization and implement cost cutting and other operational changes to reset the business on a sustainable path for growth or sell the Debtors' assets as going concerns to maximize value for the creditors and provide continued employment for its employees.

## IV. THE DEBTORS' FINANCING NEEDS

The Debtors cannot operate their retail businesses without sufficient operating funds. Their businesses depend on cash to acquire and pay for, among other things, new inventory.

Additionally, PACA and other administrative claims need to be paid in order for the Debtors to emerge from bankruptcy. The proposed debtor-in-possession financing (the "DIP Loan") is necessary to keep the Debtors operational while reorganization plans are prepared. Having an assured liquidity allows the Debtors to encourage employees, customers and vendors to deal with the Debtors as a going concern that will maximize the recovery to all creditors.

This proposed post-petition *debtor-in-possession* financing is necessary to maintain the Debtors' business relationships with vendors and suppliers, to meet their working capital needs, to ensure the Debtors' business operations are not interrupted, and to ensure that this Chapter 11 case proceeds optimally.

The Debtors have concluded that obtaining post-petition financing is integral to the success of its Chapter 11 case and in the best interest of the Debtors and its estates. Indeed, without the DIP Loan, the Debtors' cases would be less stable.

The Debtors therefore propose to borrow $700,000 from Pro and Son Holding, Inc., Pro's Ranch Markets Holding, Inc., Michael A. Provenzano, Jr., individually and as Trustee of the Survivor's Trust, Michal A. Provenzano, III, individually and as trustee of the MAP III Trust, Steven R. Provenzano, individually and as trustee of the SRP 2003 Trust, Richard S. Provenzano, individually and as trustee of the RSP 2003 Trust, and Jeffrey C. Provenzano, individually and as trustee of the JCP 2003 Trust (the "DIP Lenders") outside of the ordinary course of business to assist with expense of administration of the bankruptcy estates and to maintain sufficient capital reserves.

V. **THE DIP LOAN PROPOSAL**

The DIP Lenders are willing to provide the Debtors financing on an unsecured administrative claim basis pursuant to 11 U.S.C. §364(b).

The owners are willing to lend money at 6.5% with the loan maturing on the effective date of confirmation of a plan of reorganization. The Debtors have attempted to obtain

similar financing from other lenders and have been unsuccessful. *See Declaration of Provenzano attached as Exhibit A.*

The Debtors have requested similar terms from Bank of America and Unified Foods and were denied. After consultation with HG Capital Partners it has been determined these are the best available terms available to the Debtors for post-petition financing.

## VI. THE LAW

The Bankruptcy Code authorizes a debtor in possession to obtain financing post-petition pursuant to § 364. In this regard § 364 provides:

(b) The court, after notice and a hearing, may authorize the trustee to obtain unsecured credit or to incur unsecured debt other than under subsection (a) of this action, allowable under section 503(b)(1) of this title as an administrative expense.

## VII. ARGUMENT

The Court may authorize the incurring of unsecured debt outside the ordinary course of business pursuant to §364(b). A claim under §364(b) must qualify as an administrative expense under §503(b)(1) and the funds must be "actual, necessary costs and expenses of preserving the estate." *In re Club Dev. & Mgmt. Corp.,* 27 B.R. 610, 611-12 (9th Cir. B.A.P. 1982). The Debtors are in need of liquidity to deal with its vendors and to compensate for the administrative burden of a bankruptcy reorganization. The more liquidity the more willing vendors are to deal with the Debtors and also provides the Debtors with flexibility for the business decisions that need to be made in the ordinary course and those that arise because of the bankruptcy filing.

The proposed terms of the DIP Loan are fair, reasonable and adequate in that these terms neither tilt the outcome of these cases nor prejudice the powers and rights the Bankruptcy Code confers for the benefit of all creditors. The purpose of the DIP Loan is to enable the Debtor to maintain the stability of their operations during these Chapter11 cases.

*See In re First South Savings Assoc.,* 820 F.2d 700, 710-15 (5th Cir., 1987); *In re Tenney Village Co.*, 104 B.R. 562, 568-69 (Bankr. D.N.H. 1989).

With access to the DIP Loan, which includes immediate access of up to $700,000 upon entry of the Final Order, the Debtors are confident that it can maintain the stability of its operations during the remainder of this Chapter 11 case. Additionally, all proceeds of the loan will be used by the Debtors consistent with their fiduciary obligations to their creditors. In reaching this conclusion, the Debtors believe that the market generally, and vendors and customers specifically, often respond favorably to approval of a comprehensive debtor-in-possession financing package. The Debtors' ability to achieve its goals depends on unimpeded operations and continued relationships with its vendors.

As described above, after appropriate investigation and analysis, the Debtors have concluded the DIP Loan is the best alternative available under the circumstances. Bankruptcy courts routinely defer to the Debtors' business judgment on most business decisions, including the decision to borrow money. See *Group of Institutional Investors vs. Chicago Mil. St. & Pac. Ry.,* 318 U.S. 523, 550 (1943); *In re Simasko Prod. Co.,* 47 B.R. 444, 449 (D. Colo., 1985) (business judgment should be left to the board room and not to the bankruptcy court); *In re Lifeguard Industries, Inc.*, 37 B.R. 3, 17 (Bankr. S.D. Ohio, 1983). More exacting scrutiny would slow the administration of the Debtor's estate and increase its costs, interfere with the Bankruptcy Code's provisions for private control of administration of the estates, and threaten the Court's ability to control a case impartially. *Richmond Leasing Co. v. Capital Bank, N.A.,* 762 F.2d 1303, 1311 (5th Cir. 1985).

In general, a bankruptcy court should defer to a debtor's business judgment regarding the need for and the proposed use of funds, unless such decision is arbitrary and capricious. *In re Curlew Valley Assoc.,* 14 B.R. 507, 511-13 (Bankr. D. Utah, 1981) (courts generally will not second guess a debtor's business decision when those decisions involve a business

judgment made in good faith, upon a reasonable basis, and within the scope of authority granted under the Bankruptcy Code) *Curlew Valley*, 114 B.R. at 513-14.

The Debtors have exercised sound business judgment seeking advice from their restructuring advisors in determining that the DIP Loan is appropriate, and has satisfied the legal prerequisites to borrow under the DIP Loan. The terms of the DIP Loan are fair and reasonable and are in the best interest of their estates. Accordingly, under the Bankruptcy Code, §364(b), the Debtors should be granted authority to enter into the DIP Loan and to borrow funds from the DIP Lender on the basis described above.

## VIII. RELIEF REQUESTED

The Debtors respectfully request that this Court set an emergency hearing to:

1) Grant Debtors' request for authority to enter into the DIP Loan on an interim basis;
2) Set a final hearing on Debtors' Motion for Authority to Enter Into the DIP Loan;
3) Enter a final order authorizing Debtors to enter into the DIP Loan; and
4) For such further relief as the Court deems appropriate.

DATED: July10, 2013                           MESCH, CLARK & ROTHSCHILD, P.C.


By /s/Frederick J. Petersen, #19944
    Michael McGrath
    Frederick J. Petersen
    Isaac D. Rothschild
    Attorneys for Debtors

Copy e-mailed July 10, 2013 to:

| | |
|---|---|
| Robert J. Miller<br>Bryce Suzuki<br>Justin A. Sabin<br>**BRYAN CAVE LLP**<br>One Renaissance Square<br>Two N. Central Avenue, Suite 2200<br>Phoenix, AZ 85004<br>rjmiller@bryancave.com<br>bryce.suzuki@bryancave.com<br>justin.sabin@bryancave.com<br>*Attorneys for Bank of America, N.A., as Administrative Agent and a Lender under the Amended and Restated Credit Agreement*<br>*dated July 1, 2011* | R. Jason Read<br>Elise O'Brien<br>RYNN & JANOWSKY, L.L.P.<br>4100 Newport Place Drive, Suite 700<br>Newport Beach, CA 92660<br>Jason@rjlaw.com<br>elise@rjlaw.com<br>*Attorneys for Shapiro-Gilman-Shandler Co.*<br><br>Michael W. Carmel<br>LAW OFFICES OF MICHAEL W. CARMEL, LTD.<br>80 E. Columbus Avenue<br>Phoenix, AZ 85012-2334<br>Michael@mcarmellaw.com<br>*Attorneys for Michael Provenzano, Jr., Michael Provenzano, III, Richard Provenzano, Steven Provenzano, and Jeffrey Provenzano* |
| Matthew Walker<br>Pillsbury Winthrop Shaw Pittman LLP<br>12255 El Camino Real, Suite 300<br>San Diego, CA 92130-4088<br>matthew.walker@pillsburylaw.com<br>*Attorneys for Bank of America, N.A.* | |
| Robert C. Martin<br>COOGAN & MARTIN, P.C.<br>825 N. Grand Avenue, Suite 200<br>Nogales, AZ 85621-2218<br>rcm@nogaleslaw.com<br>*Attorneys for Higueral Produce, L.L.C.; Tricar Sale, Inc., and D'Caesar Produce, L.L.C.* | Allan D. NewDelman<br>ALLAN D. NEWDELMAN, P.C.<br>80 E. Columbus Avenue<br>Phoenix, AZ 85012<br>anewdelman@qwestoffice.net<br>*Attorney for Fresco Mar, L.L.C.*<br><br>Thomas J. Salerno<br>Jordan A. Kroop<br>SQUIRE SANDERS (US) LLP<br>One E. Washington Street, Suite 2700<br>Phoenix, AZ 85004<br>thomas.salerno@squiresanders.com<br>jordan.kroop@squiresanders.com<br>*Attorneys for Unified Grocers Inc. and Grocers Capital Company* |

| | | |
|---|---|---|
| 1 | Nancy J. March<br>FENNEMORE CRAIG, P.C. | Paul S. Harter<br>Alicia Mykyta |
| 2 | One S. Church Avenue<br>Suite 1000 | PAUL S. HARTER, P.C.<br>1599 E. Orangewood Avenue, Suite 125 |
| 3 | Tucson, AZ 85701-1627 | Phoenix, AZ 85020-5159 |
| 4 | nmarch@fclaw.com<br>*Attorneys for Kaliroy Fresh, L.L.C.* | pharter@harterlawaz.com<br>amykyta@harterlawaz.com |
| 5 | | *Attorneys for The Luft Family Limited Partnership* |
| 6 | Scott K. Brown<br>Marvin C. Ruth | |
| 7 | LEWIS AND ROCA LLP | Benjamin W. Reeves |
| 8 | 40 N. Central Avenue, Suite 1900<br>Phoenix, AZ 85004-4429 | SNELL & WILMER L.L.P.<br>One Arizona Center |
| 9 | sbrown@LRLaw.com<br>mruth@LRLaw.com | 400 E. Van Buren<br>Phoenix, AZ 85004-2202 |
| 10 | *Attorneys for Unlimited Baking Ingredients* | breeves@swlaw.com<br>*Attorneys for TX III Crimson, LLC* |
| 11 | | |
| 12 | Lawrence E. Wilk | Gary G. Keltner |
| 13 | JABURG & WILK, P.C.<br>3200 N. Central Avenue, Suite 2000 | JENNINGS, STROUSS & SALMON, P.L.C. |
| 14 | Phoenix, AZ 85012<br>lew@jaburgwilk.com | One E. Washington, 19th Floor<br>Phoenix, AZ  857004-2554 |
| 15 | *Attorneys for Mutual of Omaha Bank* | gkeltner@jsslaw.com |
| 16 | Alfred W. Ricciardi | *Attorneys for Shamrock Foods Company, Inc.* |
| 17 | Heather Macre | |
| 18 | AIKEN SCHENK HAWKINS<br>&RICCIARDI P.C. | Isaac M. Gabriel<br>Kelly Singer |
| 19 | 2390 E. Camelback Road, Suite 400<br>Phoenix, AZ 85016-3479 | Jason D. Curry<br>Quarles & Brady L.L.P. |
| 20 | awr@ashrlaw.com | One Renaissance Square |
| 21 | ham@ashrlaw.com<br>*Attorneys for GH Dairy – El Paso* | Two N. Central Avenue<br>Phoenix, AZ 85004-2391 |
| 22 | | isaac.gabriel@quarles.com |
| 23 | | kelly.singer@quarles.com<br>jason.curry@quarles.com |
| 24 | | *Attorneys for Bro-Pack Enterprises and Bar S Foods* |
| 25 | | |
| 26 | | |

| | | |
|---|---|---|
| 1 | Carolyn J. Johnsen<br>Kami M. Hoskins | Austin Nooney, Director of Credit<br>MCCORMICK & COMPANY, INC. |
| 2 | JENNINGS, STROUSS & SALMON | Shared Financial Services |
| 3 | One E. Washington Street, Suite 1900<br>Phoenix, AZ 85004-2554 | 211 Schilling Circle<br>Hunt Valley, MD 21031 |
| 4 | cjjohnsen@jsslaw.com<br>khoskins@jsslaw.com | Austin_nooney@mccormick.com |
| 5 | *Attorneys for Salt River Project* | Joseph D. Frank |
| 6 | | Jeremy C. Kleinman |
| 7 | Glenn C. Thompson<br>HAMILTON STEPHENS STEELE & | FRANKGECKER LLP<br>325 N. LaSalle Street, Suite 625 |
| 8 | MARTIN, PLLC<br>201 S. College Street, Suite 2020 | Chicago, IL 60654<br>jfrank@fgllp.com |
| 9 | Charlotte, NC 28244 | jkleinman@fgllp.com |
| 10 | gthompson@lawhssm.com<br>*Attorneys for Mondelez Global, L.L.C.* | *Attorneys for Bottling Group, LLC and Frito-Lay North America, Inc.* |
| 11 | | |
| 12 | Jeffrey L. Smith<br>SANDERS & PARKS, P.C. | Nancy K. Swift<br>BUCHALTER NEMER |
| 13 | 3030 N. Third Street, Suite 1300<br>Phoenix, AZ 85012 | 16435 N. Scottsdale Rd., Suite 440<br>Scottsdale, Arizona 85254 |
| 14 | Jeffrey.smith@sandersparks.com | nswift@buchalter.com<br>*Attorneys for LSQ Funding Group, L.L.C.* |
| 15 | -and- | |
| 16 | | Craig C. Chiang |
| 17 | Kenneth J. Buechler<br>BUECHLER LAW OFFICE, L.L.C. | Ivo Keller<br>BUCHATLER NEMER |
| 18 | 1621 18th Street, Suite 260<br>Denver, CO 80202 | 55 Second Street, 17th Floor<br>San Francisco, CA 94105 |
| 19 | ken@kjblawoffice.com | cchiang@buchalter.com<br>ikeller@buchalter.com |
| 20 | *Co-counsel for Cold Front Distribution, L.L.C.* | *Co-counsel for LSQ Funding Group, L.L.C.* |
| 21 | Daniel J. Carrigan | |
| 22 | MCKENNA LONG & ALDRIDGE<br>L.L.P. | |
| 23 | 1900 K Street, NW | |
| 24 | Washington, DC 20006<br>dcarrigan@mckennalong.com | |
| 25 | *Attorneys for McCormick & Company,* | |
| 26 | *Inc., Mojave Foods Corporation* | |

| | |
|---|---|
| Randy Nussbaum<br>Robert Baran<br>NUSSBAUM GILLIS & DINNER, P.C.<br>14850 N. Scottsdale Road, Suite 450<br>Scottsdale, AZ  85254<br>rnussbaum@ngdlaw.com<br>rbaran@ngdlaw.com<br>*Attorneys for Alto Valle Foods, Inc.* | Robert S. Porter<br>PORTER LAW FIRM<br>1819 E. Morten Avenue, Suite 160<br>Phoenix, AZ 85020<br>bob@porterlaw.biz<br>*Attorney for Arizona Select Distributing, Inc.* |
| Lori A. Lewis<br>Maricopa County Attorney's Office<br>Civil Services Division<br>Security Center Building<br>222 N. Central Avenue, Suite 1100<br>Phoenix, AZ  85004<br>LewisL01@mcao.maricopa.gov<br>*Attorneys for Maricopa County Treasurer* | Richard S. Lauter<br>Thomas R. Fawkes<br>Freeborn & Peters L.L.P.<br>311 S. Wacker Drive, Suite 3000<br>Chicago, IL 60606<br>rlauter@freeborn.com<br>tfawkes@freeborn.com<br><br> - and – |
| Vincent T. Martinez<br>TWITCHELL AND RICE, L.L.P.<br>215 N. Lincoln Street<br>Santa Maria, CA 93458<br>vmartinez@twitchellandrice.com<br><br> - and - | Dale Schian<br>SCHIAN WALKER P.L.C.<br>1850 N. Central Ave., Suite 900<br>Phoenix, Arizona 85004-4531<br>dschian@swazlaw.com<br>*Counsel for the Official Committee of Unsecured Creditors* |
| Theodore P. Witthoft<br>Patrick T. Derksen<br>MAY, POTENZA, BARAN & GILLESPIE, P.C.<br>201 N. Central Avenue, 22nd Floor<br>Phoenix, AZ 85004-0608<br>twitthoft@maypotenza.com<br>pderksen@maypotenza.com<br>*Attorneys for Better Produce* | Larry Watson<br>Office of the United States Trustee<br>230 N. First Avenue, Suite 204<br>Phoenix, AZ  85003<br>larry.watson@usdoj.gov<br><br>/s/Tammy L. Dahl<br>367573 |